IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEIDA BARTMESS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | 3-13CV3215-B |
| NISSAN MOTOR ACCEPTANCE CORPORATION | § | JURY TRIAL DEMANDED |

## COMPLAINT

### JURISDICTION

1. The jurisdiction of this Court attains pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681(p) ("FCRA") for which jurisdiction is proper in this Court state law claims supplemental thereto. Venue lies in the Dallas Division of the Northern District of Texas since Plaintiff's claims arose from acts of the Defendant who conducts business in Dallas County, Texas on a regular basis.

### PARTIES

2. Plaintiff, Leida Bartmess, is a natural person who resides in Dallas County, Texas and is a "consumer" as defined by 15. U.S.C. §1681a(c) of the FCRA.

3. Defendant, Nissan Motor Acceptance Corporation is a corporation organized under the laws of the State of California, registered to conduct business in Texas and may be served with process by serving its registered agent, LexisNexis Document Solutions, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### FACTUAL ALLEGATIONS

4. Plaintiff is an individual consumer as defined by 15. U.S.C. §1681a(c) of the FCRA.

5. Defendant Nissan Motor Acceptance Corporation ("NMAC" herein) is a furnisher as defined by the FCRA..

6. Defendant is publishing an inaccuracy regarding a debt.

7. Plaintiff filed bankruptcy November 4, 2010 and received a discharge February 9,

2011.

8. At the time of filing the bankruptcy, Plaintiff was leasing a vehicle which was financed by Defendant. At all times the lease agreement remained in good standing; all payments were timely made.

9. The NMAC lease was not discharged. Although a formal re-affirmation agreement was not executed, in effect, the debt was re-affirmed.

10. Plaintiff made all required payments under the lease and turned in the leased vehicle at the end of the lease in good condition.

11. At the conclusion of the lease, Plaintiff leased another vehicle which was financed by a subsidiary of Defendant. At all times and up to the date of filing of this complaint, Plaintiff has complied with the terms of the lease; all payments have been timely made.

12. Defendant is reporting the NMAC debt as currently past due debt on Plaintiff's credit/consumer report and reporting that the lease was discharged in bankruptcy.

13. Plaintiff completed the terms of the lease; the lease was not discharged in bankruptcy.

14. Plaintiff is currently leasing another vehicle from a subsidiary of Defendant and is in good standing.

15. Plaintiff has disputed the reporting of this inaccuracy with each of the credit reporting agencies; upon information and belief, each credit reporting agency forwarded the dispute and the supporting documentation to Defendant.

16. Plaintiff has also disputed the reporting of this inaccuracy directly with the Defendant and sent supporting documentation.

17. Defendant has not corrected its reporting on Plaintiff's consumer report.

## CAUSES OF ACTION

### COUNT I

18. Plaintiff re-alleges and incorporates paragraphs 1 through 17 above as if fully set out herein.

19. NMAC violated the Fair Credit Reporting Act, 15 U.S.C.§1681s-2(b) by publishing the account representation within Plaintiff's credit file with one or more credit reporting agencies, by representing the debt was included in bankruptcy, continuing to report the debt as discharged in bankruptcy, by failing to fully and properly investigate the Plaintiff's dispute of the NMAC representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to each credit reporting agency; and by failing to permanently and lawfully correct its own internal records to correct representations to the consumer reporting agencies.

20. As a result of this conduct, action and inaction of NMAC, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

21. NMAC's conduct, action and inaction was willful, rendering it liable for actual or statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.§1681n. In the alternative, it was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C.§1681o.

22. The Plaintiff is entitled to recover costs and attorney fees from NMAC in an amount to be determined by the Court pursuant to 15 U.S.C.§1681n and §1681o.

### COUNT III

23. By reason of the allegations in this Complaint and the Fair Credit Reporting Act, Plaintiff is entitled to recover attorney's fees in a sum that is reasonable in relation to the amount of work expended for which Plaintiff sues herein. The attorney whose name is subscribed to this

pleading has been employed to assist Plaintiff in the prosecution of this action.

24.     Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendant; for attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

*Sharon Campbell*
Sharon K. Campbell
State Bar # 03717600
3100 Monticello Ave., Suite 500
Dallas, Texas 75205
Telephone: 214/351-3260
Fax: 214/378-6670
Sharon@SharonKCampbell.com

COMPLAINT                                                                                              4

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadngs or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Leida Bartmess

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

RECEIVED AUG 15 2013

## DEFENDANTS
Nissan Motor Acceptance Corporation

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

3-13CV3215-B

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1681
Brief description of cause:
Violation of FCRA regarding the reporting of a debt

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions)*:
JUDGE
DOCKET NUMBER

DATE 8-15-13
SIGNATURE OF ATTORNEY OF RECORD *Aaron Campbell*

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE